IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRANT PLYLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-CV-04681 |
| | § | |
| ENRIQUE RODRIGUEZ ROMERO AND OXY USA INC., | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |
| | § | |

**DEFENDANT OXY USA INC'S ORIGINAL ANSWER**

COMES NOW Defendant Oxy USA Inc. ("Oxy") and files this Original Answer. All allegations in Plaintiff's Original Petition not specifically admitted below are denied.

**DISCOVERY CONTROL PLAN**

1. The allegations contained in paragraph 1 are legal conclusions and accordingly do not require a response.

**PARTIES**

2. Admitted.

3. Admitted.

4. Admitted.

**JURISDICTION & VENUE**

5. Oxy admits that Defendants are Texas residents and/or do business in the State of Texas. The remaining allegations contained in paragraph 5 are legal conclusions and accordingly do not require a response.

6. Oxy admits that its principal office is located in Harris County, Texas. The remaining allegations contained in paragraph 6 are legal conclusions and accordingly do not require a response.

**FACTS**

7. Oxy admits that on October 30, 2024, Plaintiff was operating a silver 2018 Ford F150 and Defendant Enrique Rodriguez Romero ("Defendant Romero") was operating a white 2017 Ford F250 owned by Oxy. Oxy also admits that Plaintiff and Defendant Romero were involved in a vehicular collision on Highway 158 in Midland County, Texas. Oxy admits that State Trooper Megan Bailey with the Texas Department of Public Safety responded to the accident, and that Defendant Romero was issued a citation for failure to control speed. Oxy denies the remaining allegations in paragraph 7.

**CAUSES OF AGAINST DEFENDANT ROMERO**

***NEGLIGENCE***

8. Oxy denies the allegations in paragraph 8.

9. Oxy denies the allegations in paragraph 9.

***GROSS NEGLIGENCE***

10. Oxy denies the allegations in paragraph 10.

11. Oxy denies the allegations in paragraph 11.

## CAUSES OF AGAINST DEFENDANT OXY USA INC.

***RESPONDEAT SUPERIOR***

12. Oxy admits that Defendant Romero was an employee of Oxy on the date of the accident. However, Oxy denies that Defendant Romero was in the act of performing as the agent or employee of Oxy and denies that it is vicariously liable for Defendant Romero's conduct in connection with the accident in question.

***NEGLIGENCE***

13. Oxy denies the allegations in paragraph 13.

14. Oxy denies the allegations in paragraph 14.

***VICARIOUS PRINCIPAL AND VICARIOUS LIABILITY***

15. Oxy denies the allegations in paragraph 15.

16. The allegations contained in paragraph 16 are legal conclusions and accordingly do not require a response. To the extent a response is required by Oxy, the allegations are denied.

***NEGLIGENT ENTRUSTMENT***

17. Oxy admits that it owned the vehicle Defendant Romero was operating at the time of the accident. Otherwise, the allegations in paragraph 17 are denied.

18. Oxy denies the allegations in paragraph 18.

***NEGLIGENT UNDERTAKING***

19. Oxy denies the allegations in paragraph 19.

20. Oxy denies the allegations in paragraph 20.

21. Oxy denies the allegations in paragraph 21.

***GROSS NEGLIGENCE***

22. Oxy denies the allegations in paragraph 22.

23. Oxy denies the allegations in paragraph 23.

24. Oxy denies the allegations in paragraph 24.

***GROSS NEGLIGENCE – VICARIOUS LIABILITY***

25. Oxy denies the allegations in paragraph 25.

26. [Paragraph 26 was omitted in Plaintiff's Petition]

27. Oxy denies the allegations in paragraph 27.

28. Oxy denies the allegations in paragraph 28.

## DAMAGES

29. Oxy denies the allegations in paragraph 29.

30. Oxy denies the allegations in paragraph 30.

31. Oxy denies the allegations in paragraph 31.

32. The allegations contained in paragraph 32 are legal conclusions and accordingly do not require a response. To the extent a response is required, denied.

33. The allegations contained in paragraph 33 are legal conclusions and accordingly do not require a response.

## INTEREST

34. The allegations contained in paragraph 34 are legal conclusions and accordingly do not require a response. To the extent a response is required, Oxy denies the allegations in paragraph 34.

## DEMAND FOR JURY TRIAL

35. Oxy admits that Plaintiff demands a trial by jury.

## RULE 193.7 NOTICE

36. The allegations contained in paragraph 36 are legal conclusions and accordingly do not require a response.

## RESERVATION OF RIGHTS

37. The allegations contained in paragraph 37 are legal conclusions and accordingly do not require a response.

## APPLICATION FOR TEMPORARY RESTRAINING ORDER AND REQUEST FOR ORDER SETTING HEARING FOR TEMPORARY INJUCTION

38. The allegations contained in paragraph 38 are legal conclusions and accordingly do not require a response. To the extent a response is required, Oxy denies the allegations in paragraph 38.

39. The allegations contained in paragraph 39 are legal conclusions and accordingly do not require a response. To the extent a response is required, Oxy denies the allegations in paragraph 39.

40. The allegations contained in paragraph 40 are legal conclusions and accordingly do not require a response. To the extent a response is required, Oxy denies the allegations in paragraph 40.

41. The allegations contained in paragraph 41 are legal conclusions and accordingly do not require a response. To the extent a response is required, Oxy denies the allegations in paragraph 41.

42. The allegations contained in paragraph 42 are legal conclusions and accordingly do not require a response. To the extent a response is required, Oxy denies the allegations in paragraph 42.

43. The allegations contained in paragraph 43 are legal conclusions and accordingly do not require a response. To the extent a response is required, Oxy denies the remaining allegations in paragraph 43.

44. The allegations contained in paragraph 44 are legal conclusions and accordingly do not require a response. To the extent a response is required, Oxy denies the remaining allegations in paragraph 44.

45. The allegations contained in paragraph 45 are legal conclusions and accordingly do not require a response. To the extent a response is required, Oxy denies the remaining allegations in paragraph 45.

46. The allegations contained in paragraph 46 are legal conclusions and accordingly do not require a response. To the extent a response is required, Oxy denies the remaining allegations in paragraph 46.

47. The allegations contained in paragraph 47 are legal conclusions and accordingly do not require a response. To the extent a response is required, Oxy denies the remaining allegations in paragraph 47.

48. The allegations contained in paragraph 48 are legal conclusions and accordingly do not require a response. To the extent a response is required, Oxy denies the remaining allegations in paragraph 48.

## DESIGNATED E-SERVICE EMAIL ADDRESS

49. The allegations contained in paragraph 49 are legal conclusions and accordingly do not require a response.

## OXY'S ADDITIONAL STATEMENTS, DEFENSES, AND AFFIRMATIVE DEFENSES

### FIRST DEFENSE

1. Plaintiff's claims are barred in whole or in part by his own contributory negligence. Tex. Civ. Prac. & Rem. Code § 33.001 et. seq. Plaintiff failed to exercise ordinary care to avoid a foreseeable risk of harm to others. Plaintiff's acts caused or contributed to the accident.

### SECOND DEFENSE

2. In addition, or the alternative, Oxy is not liable to Plaintiff because Defendant Romero is not liable for the alleged damages.

### THIRD DEFENSE

3. Oxy further alleges the accident was caused by a sudden emergency, by Plaintiff's actions of suddenly, and without warning, coming to a near-stop to turn off the highway. The emergency situation was not proximately caused by the negligent act or omission of Defendant Romero or Oxy, but rather by Plaintiff's unexpected actions and his failure to provide proper warning of his intention to slow, stop, or turn.

4. After the emergency situation arose—which would have required a reasonable person to take immediate action without time for deliberation—Defendant Romero acted as a person of ordinary prudence would have acted under the same or similar circumstances.

### FOURTH DEFENSE

5. Plaintiff's claims are barred because he failed to mitigate damages. Specifically, Plaintiff failed to take reasonable steps to minimize his injuries after the accident. Plaintiff's damages, if any, should be reduced accordingly.

**FIFTH DEFENSE**

6. Plaintiff's negligence and gross negligence claims fail because Oxy owed no duty to Plaintiff.

**SIXTH DEFENSE**

7. In accordance with Tex. Civ. Prac. & Rem. Code §§ 33.001, 33.003, 33.004, 33.011, 33.012, and 33.013, Oxy asserts that the jury be allowed to determine the percentage of proportionate responsibility or comparative fault as to each claimant, each defendant, each settling person and each designated responsible third party with respect to each said person's or entity's causing or contributing in any way to the alleged harm and damages for which Plaintiff seeks recovery, whether by negligent act or omission or by other conduct or activity that violates an applicable legal standard. Oxy hereby asserts and invokes the proportionate responsibility provisions of Tex. Civ. Prac. & Rem. Code § 33.001 et. seq., including without limitation, Sections 33.001, 33.003, 33.004, 33.011, 33.012, and 33.013.

**SEVENTH DEFENSE**

8. Oxy pleads the defense of unconstitutionality, in that any award of punitive or exemplary damages would be in contravention of Oxy's rights under each of the following constitutional provisions:

A. the Commerce Clause of Article I, Section 8 of the United States Constitution;

B. the Supremacy Clause of Article VI of the United States Constitution;

C. the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution;

D. the Takings Clause of the Fifth Amendment of the United States Constitution;

E. the Excessive Fines Clause of the Eighth Amendment of the United States Constitution;

F. the Equal Protection Clause of the Fourteenth Amendment;

as well as the Constitution of the State of Texas and would constitute the imposition of a penalty without the safeguards guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States, similar provisions of the Texas Constitution (including Article I, Sections 3 and 19) and *State Farm Mut. Automobile Ins. Co. v. Campbell,* 538 U.S. 408 (2003) and *BMW of North America v. Gore*, 517 U.S. 559 (1995).

9. Oxy further pleads that any claim by Plaintiff for punitive or exemplary damages should be stricken as unconstitutional and that any award of punitive or exemplary damages should be set aside because, among other reasons:

A. It is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution and Article I, Sections 3 and 19 of the Texas Constitution, to impose punitive or exemplary damages, which are penal in nature, against a civil defendant upon a plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

B. Texas law and the Texas punitive damage scheme, both facially and as applied in this case, provide no constitutionally adequate or meaningful standards to guide a jury or the court in determining whether to award and, if so, the amount of punitive or exemplary damages; there is no sufficiently clear definition of the conduct or mental state that makes punitive or exemplary damages permissible, and no sufficiently clear standard for determining the appropriate size of an award. Texas law and the Texas punitive damage scheme leave the determination whether to award and, if so, the amount of punitive or exemplary damages to the arbitrary discretion of the trier of fact without providing adequate or meaningful guidelines for or limits to the exercise of that discretion, thereby violating the Due Process and Equal Protection clauses of the Fifth and Fourteenth Amendments of the United States Constitution as well as Article I, Sections 3 and 19 of the Texas Constitution.

C. The procedures pursuant to which punitive or exemplary damages are awarded permit the imposition of punitive or exemplary damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, as well as violate Article I, Sections 13 and 19 of the Texas Constitution.

D. The limitations imposed by statute on the authority of the appellate courts of Texas,

> particularly, but not limited to, the limitations contained in Article V, Section 6 of the Texas Constitution and in Section 22.225 of the Texas Government Code, do not provide for adequate appellate review of a punitive damage award or the amount thereof, and do not provide objective standards for such review, and therefore would violate the Due Process Clause of the Fifth and Fourteenth Amendments of the United State Constitution and Article I, Section 19 of the Texas Constitution.

10. The award of punitive or exemplary damages to Plaintiff in this action would constitute a deprivation of property without due process of law which violates the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, section 19 of the Texas Constitution.

**EIGHTH DEFENSE**

11. Plaintiff's claims for punitive or exemplary damages are subject to the limitations and requirements of Chapter 41 of the Texas Civil Practice and Remedies Code, including the cap on exemplary damages set out in Section 41.008(b).

**NINTH DEFENSE**

12. Plaintiff's claim for negligent entrustment likewise fails. Specifically, under Texas law, Defendant Romero was not an unlicensed, incompetent, or reckless driver, and at that the time of entrustment, Oxy did not know and had no reason to know Defendant Romero was an unlicensed, incompetent, or reckless driver. *4Front Engineered Solutions, Inc. v. Rosales*, 505 S.W.3d 905, 909 (Tex. 2016).

13. A negligent entrustment claim requires a showing of <u>more</u> than just general negligence. *Id.* at 910. Instead, Plaintiff must show that Defendant Romero "was *incompetent* to operate the [vehicle] or would operate it *recklessly*, and that [Oxy] knew or should have known of [Defendant Romero's] incompetence or recklessness." *Id.* (emphasis in original). And "[e]vidence of negligence does not establish recklessness"—recklessness requires showing an act by

Defendant Romero that he "knew or should have known posed a high degree of risk of serious injury." *Id.* at 911.

14. Here, Oxy did not know and had no reason to know that Defendant Romero's habits or prior experiences that would tend to show that he could not competently operate the vehicle or would do so recklessly. *Id.* at 910. And, at the time of the accident, Defendant Romero had a valid driver's license. *Avalos v. Brown Automotive Ctr., Inc.*, 63 S.W.3d 42, 48 (Tex. App.—San Antonio 2001, no pet.) ("The possession of a valid, unrestricted driver's license is evidence of a driver's competency absent any evidence to the contrary.").

**TENTH DEFENSE**

15. Plaintiff's claim for negligent undertaking also fails. A negligent undertaking claim requires proof of the following:

> (1) the defendant undertook to perform services for another person that it knew or should have known were necessary for the plaintiff's protection;
>
> (2) the defendant failed to exercise reasonable care in performing those services; and
>
> (3) either
>
> a. the plaintiff or the other person relied on the defendant's performance of those services; or
>
> b. the defendant's performance increased the risk of harm to the plaintiff.

*Nall v. Plunkett*, 404 S.W.3d 552, 555-56 (Tex. 2013).

16. Here, neither Defendant Romero nor Oxy were performing services for Plaintiff. Thus, neither defendant could have failed to exercise reasonable care in such performance. Likewise, Plaintiff could not have relied on nonexistent performance, nor could such nonexistent performance have increased the risk of harm to Plaintiff.

**PRAYER**

WHEREFORE, Defendant Oxy USA Inc. prays for relief and judgment against Plaintiff as follows:

A. That Plaintiff taking nothing by reason of the Petition;

B. That Plaintiff's lawsuit be dismissed with prejudice;

C. For such other relief as is proper.

Respectfully submitted,

/s/ *Tracey K. Rice*
Tracey K. Rice
State Bar No. 24060499
S.D. Texas Bar. No. 900753
Paige Mary Dusthimer
State Bar No. 24120811
S.D. Texas Bar No. 3709687
2777 Allen Parkway, Suite 977
Houston, Texas 77019
Tel.: (832) 849-1800
Fax: (832) 849-1799
trice@copelandrice.com
pdusthimer@copelandrice.com

**ATTORNEYS FOR DEFENDANT OXY USA INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served upon the following counsel of record on this 23rd day of December, 2024, via the Court's CM/ECF system and/or electronic mail:

Jon W. Cappo
Jcappo-svc@tjhlaw.com
THE LAW OFFICE OF THOMAS J. HENRY
5711 University Heights Blvd, Suite 101
San Antonio, Texas 78249

/s/ *Tracey K. Rice*
Tracey K. Rice