**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **BRANT PLYLER,** *Plaintiff,* | § § § | |
| **v.** | § | **CIVIL ACTION NO. 4:24-CV-04681** |
| **ENRIQUE RODRIGUEZ ROMERO AND OXY USA INC.,** *Defendants.* | § § § § | |

**PLAINTIFF'S AND NONPARTIES WEST TEXAS SPINE INSTITUTE'S AND HENRIK MIKE-MAYER, M.D.'S MOTION FOR PROTECTIVE ORDER REGARDING**
**CONFIDENTIAL COMPENSATION TESTIMONY**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Brant Plyer and Nonparties West Texas Spine Institute ("WTSI") and Henrik Mike-Mayer, M.D. (collectively, the "Movants") file this Motion for Protective Order pursuant to Federal Rule of Civil Procedure 26(c). In support of their motion, Movants attach the Affidavit of Belinda Arriola as **Exhibit 1** and further respectfully show:

## I. INTRODUCTION

Movants understand that during the trial of this matter, testimony may be elicited from the plaintiff's treating physician, nonparty Dr. Mike-Mayer, concerning the compensation he receives from nonparty WTSI pursuant to a confidential contractual commercial business arrangement.

Movants do not seek to prevent testimony that the Court determines is relevant or admissible. Rather, Movants seek protection of WTSI and Dr. Mike-Mayer's confidential

and proprietary commercial and trade secret information and request that any testimony regarding the specific terms, amounts, or structure of compensation paid by WTSI be treated as confidential and not be disclosed outside the confines of this litigation.

## II.
## GOOD CAUSE EXISTS FOR PROTECTION

A party or any person from whom discovery is sought may move for a protective order, which the court may issue, for good cause, to protect against annoyance, embarrassment, oppression, or undue burden, and to protect confidential commercial information from unnecessary disclosure. FED. R. CIV. P. 26(c)(1). Good cause exists where disclosure will result in a clearly defined and serious injury to the party seeking protection. *Louisiana Corral Mgmt., LLC v. Axis Surplus Ins. Co.*, 650 F. Supp. 3d 491, 501 (E.D. La. 2023).

The compensation arrangements between WTSI and Dr. Mike-Mayer are confidential commercial business information. See Exhibit 1 at ¶ 6. Those arrangements are subject to contractual confidentiality obligations and are not publicly available. *Id.* Neither WTSI nor Dr. Mike-Mayer are parties to this lawsuit. Public dissemination of WTSI's or Dr. Mike-Mayer's confidential compensation information would provide no meaningful benefit beyond any evidentiary purpose for which the testimony may be offered while potentially causing competitive and commercial harm to WTSI. However, public dissemination of this confidential compensation information will cause both WTSI and Dr. Mike-Mayer substantial, irreparable competitive harm. See Exhibit 1 at ¶ 7(a-e).

The information the Movants seek to protect fits squarely within the parameters of Rule 26(c)(1)(G). Rule 26(c)(1)(G) authorizes an order requiring that "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." FED. R. CIV. P. 26. That protection is not confined to formal trade secrets. The Supreme Court has explained that the Federal Rules provide qualified protection for trade secrets and confidential commercial information alike in the civil discovery context. *Fed. Open Mkt. Comm. of Fed. Rsrv. Sys. v. Merrill*, 443 U.S. 340, 356 (1979).

Federal courts have accordingly treated a business's pricing, profit, and comparable financial information as confidential commercial information where its disclosure would cause substantial competitive harm to the party from whom it was obtained. *United States ex rel. Long v. GSD&M Idea City LLC*, No. 3:11-CV-1154-O, 2014 WL 12648520, at *2 (N.D. Tex. Jan. 3, 2014). Dr. Mike-Mayer's compensation arrangement with West Texas Spine Institute is similar confidential commercial information. See Exhibit 1 at ¶ 7(a-e).

Rule 26(c)(1)(G) separately lists a "trade secret" as a protected category, and a confidential fee and compensation structure qualifies where it derives economic value from secrecy and is subject to reasonable efforts to keep it confidential. *Id.*; FED. R. CIV. P. 26. The record already reflects that the arrangement is subject to contractual confidentiality obligations and is not publicly available. Should the Court wish to rest protection on the trade-secret branch, the accompanying declaration of Belinda Arriola establishes the specific secrecy measures and the independent economic value of the arrangement. Exhibit 1.

### B. The Movants' Non-Party Status Weighs Heavily in Favor of Protection

The Movants' non-party status independently strengthens the case for protection. Courts treat a movant's non-party status as a significant factor in assessing the burden of compelled disclosure. *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003). And the Fifth Circuit has instructed that, when discovery is directed at a non-party, the court must be sensitive to the non-party's compliance costs. *Leonard v. Martin*, 38 F.4th 481, 489 (5th Cir. 2022). Neither WTSI nor Dr. Mike-Mayer is a party to this lawsuit, and their confidential compensation arrangement is implicated only because testimony may be elicited from Dr. Mike-Mayer at trial. Should the confidential compensation information not be protected from public dissemination, it will result in significant damage to both WTSI and Dr. Mike-Mayer. See Exhibit 1.

## III.
## THE BALANCE OF HARM AGAINST NEED FAVORS PROTECTION

Even beyond the threshold good-cause showing, the balance of interests favors protection. The Fifth Circuit requires weighing the hardship to the party from whom discovery is sought against the probative value of the information to the requesting party, and weighing relevant public interests. *Cazorla v. Koch Foods of Mississippi, L.L.C.*, 838 F.3d 540, 555 (2016). Once the party seeking protection establishes confidentiality and harm, the requesting party must show that its need for the information outweighs that harm. *M-I LLC v. Stelly*, 733 F. Supp. 2d 759, 802 (S.D. Tex. 2010). The court weighs that need against the potential harm of disclosure to the resisting party. *Id.* at 801.

That balance favors protection here. WTSI asks that the specific terms be kept confidential, so the order imposes no cost on the parties' ability to litigate — the testimony would still be given and heard. Public dissemination of WTSI's or Dr. Mike-Mayer's confidential compensation information would provide no meaningful benefit beyond any evidentiary purpose for which the testimony may be offered while potentially causing competitive and commercial harm to WTSI. Where the relief sought is a confidentiality designation rather than suppression, the hardship-versus-benefit balance weighs heavily in favor of the narrow protection WTSI seeks.

## IV.
## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, the Movants respectfully request that the Court grant the Motion and enter a protective order that: (1) designates as Confidential any testimony regarding the amount, method, formula, structure, or terms of compensation paid by WTSI to Dr. Mike-Mayer; (2) limits use of such information to this litigation; (3) limits disclosure of such information to the Court and court personnel, the parties, counsel of record and their staff, and any retained experts or consultants participating in this litigation; (4) provides that any portion of the trial transcript containing such information be filed under seal or otherwise maintained under restricted access as the Court deems appropriate; (5) bars dissemination, publication, or use of such information in any other litigation, proceeding, or matter absent further order of the Court; and (6) grants such other and further relief as the Court deems just and proper.

Respectfully submitted,

Law Offices of Thomas J. Henry
5711 University Heights Blvd., Suite 101
San Antonio, Texas 78249
T: (361) 985-0600
F: (361) 985-0601

*/s/ Jon Cappo*
Jon W. Cappo
State Bar No. 24115018
Richard W. Hunnicutt
State Bar No. 10279700
Stefani Barton
State Bar No. 24045316
jcappo-svc@tjhlaw.com
**Attorneys for Plaintiff, Brant Plyler**

and

Law Office of Dimple Desai Shah
6010 W. Spring Creek Pkwy., Suite 327
Plano, Texas 75024
T: (972) 987-1604
F: (972) 987-1614

*/s/ Dimple Desai Shah*
Dimple Desai Shah
dimple@dimplelaw.com
Texas Bar No. 24012523
Kristian Alexandra Denbow
ally@dimplelaw.com
Texas Bar No. 24145030
**Attorneys for Nonparties**
**West Texas Spine Institute and Henrik Mike-Mayer, M.D.**

**CERTIFICATE OF SERVICE**

This will certify that a true and correct copy of the above and foregoing instrument was duly served in accordance with the Federal Rules of Civil Procedure on this August 25, 2026 upon the following:

**VIA CM/ECF**
Timothy J. Nisbet
tnisbet@jandflaw.com
Johanson, Fairless & Taylor L.L.P.
1456 First Colony Blvd.
Sugar Land, Texas 77479
Phone: (281) 313-5000
Fax: (281) 340 – 51100
**ATTORNEY FOR DEFENDANT**
**ENRIQUE RODRIGUEZ ROMERO**

Barrett H. Reasoner
breasoner@gibbsbruns.com
Peter J. McDonald
pmcdonald@gibbsbruns.com
GIBBS & BRUNS, LLP
1100 Louisiana, Suite 5300
Houston, Texas 77002
Phone: (713) 650-8805
Fax: (713) 750-0903

Tracey K. Rice
trice@copelandrice.com
Paige Mary Dusthimer
pdusthimer@copelandrice.com
Gwendolyn J. Samora
gsamora@copelandrice.com
Copeland & Rice LLP
2777 Allen Parkway, Suite 977
Houston, Texas 77019
Phone: (832) 849 – 1800
Fax: (832) 849 – 1799

Brian J. Cathey
cathey@wcbglaw.com

Kyle S. Beckrich
kbeckrich@wbcglaw.com
WRIGHT CLOSE BARGER & GUZMAN, LLP
700 Louisiana St., Ste. 3000
Houston, Texas 77002
Phone: (713) 572-4321

**ATTORNEYS FOR DEFENDANT OXY USA, INC.**